## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**NOT FOR PUBLICATION**

|  |  |  |
|---|---|---|
| | : | |
| ESP SHIBUYA ENTERPRISES, ET AL. | : | |
| | : | Civil Action No. 08-3992 (PGS) |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| FORTUNE FASHIONS INDUSTRIES, ET | : | |
| AL. | : | **REPORT AND RECOMMENDATION** |
| | : | |
| Defendants. | : | **April 9, 2009** |
| _____ | : | |

**SALAS, UNITED STATES MAGISTRATE JUDGE:**

## I.  INTRODUCTION

In this trademark infringement action, Defendant Fortune Fashion Industries ("FFI") has filed a motion to transfer this case to the Central District of California.  FFI asserts that venue is improper in New Jersey because the operative facts giving rise to the litigation occurred in California.  In turn, Plaintiff  ESP Shibuya Enterprises ("ESP")  argues that because the purported infringement occurred in New Jersey, venue is proper here.

The Hon. Peter G. Sheridan referred the matter to this Court for a Report and Recommendation.  For the reasons set forth below, this Court respectfully recommends that Defendant's motion be granted.

## II.  BACKGROUND

On August 11, 2008, ESP brought this action for trademark infringement against FFI. ESP sells guitars and basses.  The ESP logo is a registered trademark.  Since 2002, ESP has sold

1

clothing in the United States bearing the ESP logo.  FFI, on the other hand, is a manufacturer and wholesaler of apparel.  ESP alleges that FFI sold various items of clothing including t-shirts bearing the ESP mark.  It further alleges that on or about June 7, 2008, a t-shirt bearing the ESP mark was sold at a Target in Hackensack, New Jersey.

ESP is both a Japanese and California corporation.  FFI is a California corporation.  In an uncontested declaration submitted by FFI, its chief operating officer stated that FFI's principal place of business is, in fact, in California, and that it maintains no office, facility, or employees in New Jersey.  (Declaration of Lee Rosenblatt at ¶¶ 3, 5).  The declaration further states that all of FFI's documents related to the allegations in the complaint are located in California, such as the documents related to the manufacture of the t-shirts.  (*Id.* at ¶ 7).  Moreover, FFI employees with knowledge of the design, production, distribution, and sale of the t-shirt are located in California.  (*Id.* at ¶ 8).  FFI has sold approximately 97,000 of the t-shirts at issue throughout the United States, approximately 4,000 of which were sold in New Jersey and 20,000 of which were sold in California.  (*Id.* at ¶ 9)

FFI filed the instant motion to transfer on November 5, 2008.

## III.   ANALYSIS

### A.   *The Standard For Transfer*

FFI has specifically moved this court for transfer pursuant to 28 U.S.C. 1404(a).  That statute provides that a district court may transfer a case but only to another district where the case "might have been brought", "[f]or convenience of parties and witnesses, [and] the interest of justice. . ."  An action "might have been brought" in another district where both venue is proper and it can exercise jurisdiction over all defendants.  *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 24

(3d Cir. 1970).

Courts have shaped the analysis under 1404(a) to take into account more than its enumerated factors. *Jumara v. State Farm. Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). Courts have considered various private and public interest factors protected by the language of the statute. The private interest factors have included: "plaintiff's forum preference as manifested in the original choice, the defendant's preference, whether the claim arose elsewhere, the convenience of the parties as indicated by their relative physical and financial condition, the convenience of the witnesses-but only to the extent that the witnesses may actually be unavailable for trial in one of the fora, and the location of books and records." *Id.* at 779 (citations omitted).

The public interest factors include "the enforceability of the judgment, practical considerations that could make the trial easy, expeditious, or inexpensive the relative administrative difficulty in the two fora resulting from court congestion, the local interest in deciding local controversies at home, the public policies of the fora, and the familiarity of the trial judge with the applicable state law in diversity cases." *Id.* at 779-80 (citations omitted).

"The decision to transfer must incorporate all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Rappoport v. Steven Spielberg, Inc.*, 16 F. Supp. 2d 481, 498 (D.N.J. 1998)

**B.**     ***Application***

**1.**     **The Private Interest Factors**

One of the important factors in the analysis is plaintiff's choice of forum. "[C]hoice of

forum by a plaintiff is simply a preference; it is not a right." *Hoffer v. InfoSpace.com, Inc.*, 102 F. Supp. 2d 556, 573 (D.N.J. 2000). In certain circumstances, the plaintiff's choice of forum is afforded less weight. *Lawrence v. Xerox Corp.*, 56 F. Supp. 442 (D.N.J. 1999). This is such a case. It is "well established that a plaintiff's choice of forum is afforded less deference when the plaintiff has chosen a foreign forum." *Richo Co., Ltd. v. Honeywell, Inc.*, 817 F. Supp. 473, 480 (D.N.J. 1993). Plaintiffs here, residing in both Japan and California, have chosen a foreign forum. Moreover, when the central tenets of a lawsuit occur outside the forum selected by the plaintiff, that forum is even entitled to lesser deference. *Id.* at 481. Here, based on Plaintiffs' complaint and FFI's uncontested declaration, it seems the operative facts giving rise to this litigation occurred largely if not fully in California.

The convenience of the parties tips in favor of transfer to California, as well. FFI is a California corporation. ESP is both a Japanese and a California corporation. If this litigation were to remain in New Jersey, both parties would have to travel here. Instead, if the litigation is in California, ESP Japan would be no more burdened than if it had to travel to New Jersey. *See Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 522 (D.N.J. 1998) (holding that Belgium witnesses would be required to travel a great distance regardless of whether or not the matter was litigated in Virginia or New Jersey); *see also Richo*, 817 F. Supp. at 484 (holding that Minnesota was no more inconvenient for Japanese defendants than New Jersey). California is the more sensible option for the parties here.

The location of the witnesses also counsels in favor of transfer. *Richo* is instructive. The court noted that the products at issue were originally designed in Minnesota; those persons responsible for the design of the product were in Minnesota; and no witnesses with regard to the

design, development, or manufacture of the product were located in New Jersey. *Richo*, 817 F. Supp. at 483-84. Here, it is uncontested that those responsible for the manufacture of the t-shirts at issue are located in California. "The same is true for relevant documentary evidence in this action." *Id.* at 484. So, too, here. ESP does not point to a single witness or document that is even tangentially related to New Jersey.

For those reasons, the private interest factors favor transfer to California.

## 2.    The Public Interest Factors

"In evaluating the public interest factors the district court must 'consider the locus of the alleged culpable conduct, often a disputed issue, and the connection of the conduct to plaintiff's chosen forum.'" *Id.* at 486 (quoting *Lacey v. Cessna Aircraft Co.*, 862 F.2d 38, 48 (3d Cir. 1988)). ESP has chosen to hang its hat on the argument that because the alleged infringing products were sold in New Jersey, then New Jersey is the appropriate forum. ESP's argument is deeply flawed based on the caselaw, the flexible standard under which courts decide transfer motions, *see Stewart Org., Inc. v. Richo Corp.*, 487 U.S. 22, 29-30 (1988) and common sense.

First, the *Richo* court sensibly dealt with this issue by holding that "limited sales of an infringing product within a forum are not particularly significant in determining the *locus* of culpable conduct in a patent infringement case." *Richo*, 817 F. Supp. at 486 n. 26 (emphasis added). Patent infringement is a useful analog to trademark infringement because both types of cases revolve around products entering the stream of commerce and complaints, leading to litigation, arising thereto. When a product enters the market and is sold throughout the country, this does not render every single market suitable as a forum for litigation. The key word, after all, is "locus," meaning the forum in which the harm was centered. ESP's argument, that the

5

selling of approximately 4% of the allegedly infringing products in New Jersey makes it the suitable forum, would completely drain the meaning out of the word.  Surely every single state in which the t-shirts were sold would not be the appropriate forum – including New Jersey.

It is true that if infringing products were sold in New Jersey, *some* harm befell ESP in the forum, but this does not entitle ESP to foist upon the forum a litigation with no other meaningful relationship to it.  The cases make this clear.  *See, e.g.*, *H.B. Sherman Mfg. Co. v. Rain Bird Nat'l Sales Corp.*, 979 F. Supp. 627, 630 (N.D. Ill. 1997) (holding that while the injury that befalls the owner of a mark occurs in the forum where items are sold, locales other than where the suit was brought may be the more appropriate fora); *LG Elecs., Inc. v. First Int'l Comp., Inc.*, 138 F. Supp. 2d 574, 590 (D.N.J. 2001) (transfer appropriate where 47% of sales were in California in comparison with 0.2% of sales in New Jersey).  While the balance is not quite as stark as in *LG*, FFI has sold five times as many shirts in California as it has in New Jersey.  Taking ESP's argument to its logical endpoint would render virtually any forum suitable, and that is a result that is at odds with both the caselaw and the statute which contemplates the interests of justice.

Other public interest factors weigh in favor of transfer, as well.  Because FFI maintains its principal place of business in California, that state has a "compelling interest in regulating the conduct of its businesses. . ."  *Richo*, 817 F. Supp. at 486.  Moreover, "the burden of jury duty ought not to be imposed upon the people of a community which has no relation to the litigation." *Id.* at 486 (quoting *Ferens v. John Deere Co.*, 494 U.S. 516, 529-530 (1990)).  New Jersey jurors should not be burdened with hearing a case that has little to no relation with this forum.  *See Pain v. United Tech. Corp.*, 637 F.2d 775, 792 (D.C. Cir. 1980), *overruled on other grounds*, *Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981) ("jury duty . . . ought not be imposed upon the people

6

[of the forum] nor should local dockets be clogged. . .” where the litigation had little relationship with the forum).

## IV.   CONCLUSION

In short, FFI has met its burden that transfer to California is warranted.  It has shown why both the public and private interest factors militate in favor of transfer.  ESP has failed to meaningfully countermine FFI's persuasive arguments that the conduct underlying this litigation, the evidence, the witnesses, and the locus of the harm make this case more properly suited for adjudication in that state.  For those, and the foregoing reasons, this Court respectfully recommends that the motion to transfer be **GRANTED**.  Pursuant to Local Civil Rule 72.1, the parties have ten days from receipt of this Report and Recommendation to file and serve any objections.[1]


s/Esther Salas
**HON. ESTHER SALAS, U.S.M.J.**

---

[1] In light of this Court's recommendation, ESP's cross-motion to expedite discovery [Dkt. 13] is denied as moot.